-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUAN GARCIA, also known as JESUS H. GARCIA,

            Plaintiff,

                                          DECISION AND ORDER
-v-                                                13-CV-0608M

D. WHEATON, Correctional Officer,
Southport Correctional Facility, et al.,

            Defendants.



Plaintiff Juan Garcia, who is incarcerated at the Southport Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York, and it was later transferred to this District. Plaintiff had sought permission to proceed *in forma pauperis*, but the Court denied plaintiff permission on the basis that he had previously garnered "three strikes" pursuant to 28 U.S.C. § 1915(g). (Docket No. 11, Decision and Order.) The Court advised plaintiff that if he did not pay the $350.00 filing fee and $50.00 administrative fee by July 25, 2013, this action would be dismissed. Plaintiff did not pay the fees and on August 23, 2013, a Judgment was entered dismissing this action. (Docket No. 12.)

On August 23, 2013,[1] plaintiff filed a motion for extension of time to file a notice of appeal (Docket No. 13), a notice of appeal (Docket No. 15) and a motion for the appointment of counsel (Docket No. 14). For the following reasons, the motion for an extension of time to file a notice of

---

[1]Pursuant to the "Prison Mail Box Rule," the motion for an extension of time to file a notice of appeal was filed on the date it was signed by plaintiff–August 20, 2013. See *Johnson v. Coombe*, 156 F. Supp. 2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" (quoting *Torres v. Irvin*, 33 F. Supp. 2d 257, 270 (S.D.N.Y. 1998) (citing cases)).

appeal is denied and the motion for appointment of counsel is denied without prejudice as moot, and if plaintiff is seeking counsel on appeal, he may wish to re-file such motion in the United States Court of Appeals for the Second Circuit.

In support of his motion for an extension of time to file a notice of appeal, plaintiff submits that he is "alien to [the] law" and has difficulty with the English language. He also states that he submitted numerous requests for *pro bono* counsel. According to Fed. R. App. P. 4(a)(5)(A), "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Plaintiff has brought his motion within 30 days after the 30-day time prescribed for filing a notice of appeal from the order or judgment from which the appeal is taken. The Advisory Committee Notes to Rule 4 explain that "[t]he good cause standard applies in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Advisory Committee Notes to Fed. R. App. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments; *see also Straehle v. Ina Life Ins. Co.*, 2005 WL 3388612, at *1 (E.D.N.Y. Dec. 8, 2005) (quoting to Advisory Committee Notes). While *pro se* litigants are to be afforded wide latitude, they "generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiff has not asserted that his failure to file a notice of appeal timely was due to circumstances beyond his control and, thus, the Court can extend the time to file a notice of appeal only if plaintiff can demonstrate excusable neglect. *See Straehle*, 2005 WL 3388612, at *1.

In determining whether there is excusable neglect to extend the time to file a notice of appeal, the Court must consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994). The most important factor is the reason for the delay, *Weinstock*, 16 F.3d at 503, and "the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (internal citations and quotation marks omitted).

"[D]elay resulting from a litigant's ignorance or misunderstanding of the applicable rules will otherwise not generally provide the basis for a finding of excusable neglect, even where the remaining factors weigh in favor of the party seeking an extension." *Straehle*, 2005 WL 3388612, at *2 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). Although the other factors generally weigh in favor of the movant, "[the Second Circuit] ha[s] noted that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" *Silivanch*, 333 F.3d at 366 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute [ ] excusable neglect"); *United States v. Hooper*, 43 F.3d 26, 28-29 (2d Cir. 1994) (per curiam) (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules); *Weinstock*, 16 F.3d at 503 (affirming denial of Rule 4 extension based on misunderstanding of the rules, even where rule was acknowledged to be "a 'trap' for the unsuspecting litigant").

The Court determines that while finding that the prejudice and length of delay factors weigh in favor of plaintiff and that there is no evidence of bad faith, plaintiff has not shown a reason for the delay–the predominant factor in assessing excusable neglect under Rule 4(a)(5). A plaintiff's *pro se* status and "garden variety ignorance of law" does not establish excusable neglect. *Straehle*, 2005 WL 3388612, at *3; *see also Chiulli v. Internal Revenue Service*, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (A party's *pro se* status is relevant in determining excusable neglect, but it does not alone excuse a litigant's failure to comply with procedural rules). Moreover, the Second Circuit has emphasized that "'[t]he excusable neglect standard can never be met by a showing of inability . . . to read and comprehend the plain language of the federal rules.'" *Weinstock*, 16 F.3d at 503 (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.), *cert. denied*, 474 U.S. 1032 (1985) (internal quotation marks omitted); *see also Silivanch*, 333 F.3d at 369 (quoting same language from *Weinstock*, *supra*). Accordingly, the Court finds that plaintiff has not shown either good cause or excusable neglect under Rule 4(a)(5).

IT IS HEREBY ORDERED that plaintiff's motion to extend the time to file a late notice of appeal (Docket No. 13) is denied, and his motion for the appointment of counsel (Docket No. 14) is denied without prejudice.

SO ORDERED.

Dated: December 2, 2013
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge