-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUAN GARCIA, also known as Jesus H. Garcia,

          Plaintiff,

                DECISION AND ORDER
-v-                      13-CV-0608M

D. WHEATON, Correctional Officer;
Southport Correctional Facility, et al.,

          Defendants.

---

On July 3, 2013, the Court entered a Decision and Order denying plaintiff's permission to proceed *in forma pauperis* on the basis that he had previously garnered "three strikes" pursuant to 28 U.S.C. § 1915(g). (Docket No. 11, Decision and Order.) The Court advised plaintiff that if he did not pay the $350.00 filing fee and $50.00 administrative fee by July 25, 2013, this action would be dismissed. Plaintiff did not pay the fees and on August 23, 2013, a Judgment was entered dismissing this action. (Docket No. 12.) A Notice of Electronic Filing of the Judgment notes that a copy of the Judgment was forwarded to plaintiff by mail at the Southport Correctional Facility on August 23, 2013. (*Id.*)

On October 23, 2013,[1] plaintiff filed together motions for an extension of time to file a notice of appeal, pursuant to both Fed. R. App. P. 4(a)(5) and 4(a)(6). Plaintiff also filed a notice of appeal (Docket No. 15) and a motion for the appointment of counsel (Docket No. 14.) The Court denied

---

[1] Pursuant to the "Prison Mail Box Rule," the motion for an extension of time to file a notice of appeal was filed on the date it was signed by plaintiff–October 20, 2013. *See Johnson v. Coombe*, 156 F. Supp. 2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" (quoting *Torres v. Irvin*, 33 F. Supp. 2d 257, 270 (S.D.N.Y. 1998) (citing cases)).

the motion for an extension of time to file a notice of appeal, pursuant to Rule 4(a)(5), on the basis that plaintiff had not demonstrated either good cause or excusable neglect under Rule 4(a)(5). The Court, however, did not address specifically plaintiff's motion under Rule 4(a)(6)–Reopening the Time to File an Appeal. For the following reasons, plaintiff's motion under Rule 4(a)(6) is denied.

Federal Rules of Appellate Procedure, Rule 4(a)(6) provides, in pertinent part, that

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Plaintiff's motion alleges that he did not receive the "decision" until what appears to be October 20, 2013. The motion also notes, however, that plaintiff filed a notice of appeal on October 28, 2013. The Notice of Appeal was filed on October 23, 2013, and is dated October 20, 2013. (Docket No. 15.) As noted above, the Notice of Electronic Filing indicates that the Judgment was forwarded to plaintiff by mail on August 23, 2013, at his last known address–Southport Correctional Facility.[2] There is no indication that the Judgment was returned to the Court by the United States Postal Service as undeliverable, nor is there any other indication that the Judgment was not

---

[2]Section 2(i)(iii) of the Court's Administrative Procedures Guide provides, in pertinent part, that:

Immediately upon the entry of an order or judgment in an action assigned to the Electronic Filing System, the clerk will transmit to the Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed. R. Civ. P.77(d) and Fed. R. Crim. P. 49(c). The clerk must give notice in paper form to a person who has not consented to electronic service in accordance with the Federal Rules of Civil Procedure.

forwarded to plaintiff. *See Bourgal v. Robco Contracting Enterprises, Ltd.*, 17 F. Supp. 2d 129, 132 (E.D.N.Y. 1998) ("'Where, as here, the judgment itself and the docket show that the judgment was mailed by the clerk of the court to the parties, and there is no evidence that the mailing was returned to the clerk by the post office, there is a presumption of receipt.'") (quoting *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995)). Plaintiff has not submitted "specific factual denial of receipt" to rebut the presumption of receipt. *Id.* at 132. His apparent confused date of receipt of the Judgment is, in this Court's opinion, insufficient to overcome the presumption of receipt. Because the Judgment was forwarded to plaintiff on August 23, 2013, the Court finds that plaintiff received the Judgment within 21 days after its entry and, accordingly, the motion to reopen the time to file an appeal is denied.

IT IS HEREBY ORDERED that plaintiff's motion to reopen the time to file an appeal, pursuant to Fed. R. App. P. 4(a)(6), is denied; and

FURTHER, the Clerk of the Court is directed to transmit a copy of this Order to the United States Court of Appeals forthwith.

SO ORDERED.

Dated: February 12, 2014
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge